ANNIE E. DUNNING, in Equity, *vs.* GEORGE E. BIRD, Exr., et als.

Cumberland.   Opinion December 28, 1915.

*Bill in Equity.*     *Construction.*     *Legacies.*     *Letters Patent.*
                      *Trust.     Trustee.     Will.*

The court will not undertake to construe the terms of a testamentary trust when it does not appear that there are funds available for the purposes of the trust.

On appeal.   Appeal dismissed.   Bill dismissed.

Bill in equity asking for the construction of the will of the testator, Chapin C. Brooks, late of Portland, and more especially the meaning and intent of the testator as expressed in Paragraph 3 of said will.   The case was heard by a single Justice, and from his decree the plaintiff appealed.

The case is stated in the opinion.

*H. N. Allin, and Charles E. Gurney,* for complainant.

*Thomas L. Talbot,* for George E. Bird.

SITTING: SAVAGE, C. J., CORNISH, KING, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.   Bill in equity for the construction of the will of Chapin C. Brooks.   The case was heard by a single Justice and from his decree the plaintiff appealed.

The testator bequeathed to the defendant certain letters patent in trust, to be managed and controlled by the trustee either by selling the patents or granting licenses thereunder; and it was provided that the rents and royalties received from such licenses should be disposed of by the trustee in a specified manner, under which the plaintiff was to receive a share.   Most of the patents expired after the making of the will and before the death of the testator.   Since the death of the testator in 1913, the trustee has received for royalties the sum of $26.14.   At the time of his death, the testator had

money in hand and in bank and two promissory notes, amounting in all to $2684.13.

The plaintiff asks to have determined whether the proceeds received by the trustee as resulting from the letters patent in royalties is not a specific legacy, to be paid her in precedence to general legacies, and whether as a specific legacy it should be paid from the rents, royalties and income that had accrued from the letters patent up to the time of the testator's death.

The sitting Justice ruled that the trust included only rents and royalties received by the trustee after the death of the testator. We think the ruling was correct. But we think also that there is a difficulty in the plaintiff's way, underlying that one. Even if the will were to be construed as including in the trust rents and royalties received by the testator in his lifetime, there is nothing in the case to show that the funds he left, either in cash, or money in bank or as represented by promissory notes, were derived in whole or in part from the letters patent.

As for the sum received by the trustee since his appointment. it is too trivial for consideration. The trustee's expenses in this proceeding will exhaust it.

There being now no trust fund available for the purposes of the trust, there is no occasion further to construe the will.

*Appeal denied.*
*Bill dismissed.*